[No. 20765.   Department Two.   November 23, 1927.]

WALTER B. ALLEN, *Appellant,* v. ACACIA PARK CEMETERY
ASSOCIATION, *Respondent.*[1]

[1] APPEAL (313, 319) — RECORD — STATEMENT OF FACTS — FORM OF CERTIFICATE—SUFFICIENCY. An appeal must be dismissed where it affirmatively appears from the trial judge's certificate of the statement of facts that, at appellant's request, material evidence necessary to sustain the case was not included or brought up on appeal.

[2] NUISANCES (15)—PUBLIC NUISANCES—RIGHT OF PRIVATE PERSONS —SPECIAL DAMAGES. In order to sustain an action by a private citizen to enjoin the use of a cemetery as injurious to adjacent residence property, he must show that his property is injuriously affected or his personal enjoyment is lessened by the nuisance.

[3] SAME (15)—EVIDENCE OF SPECIAL DAMAGES—SUFFICIENCY. It cannot be said, as a matter of law, that a cemetery maintained in the vicinity of private property is a nuisance injuriously affecting the property or lessening the personal enjoyment of the owner.

[4] SAME (21)—PUBLIC NUISANCES—ACTIONS—PARTIES. A right of action by a private citizen to enjoin the maintenance of a cemetery injurious to private property in the vicinity, is merged in that of the public, and open to the objection that it would cause a multiplicity of suits.

Appeal from a judgment of the superior court for King county, Jones, J., entered October 20, 1926, dismissing, on the merits, an action for an injunction, tried to the court. Appeal dismissed.

*Frank S. Griffith (Walter B. Allen,* of counsel), for appellant.

*Roberts & Skeel* and *Elwood Hutcheson,* for respondent.

FULLERTON, J.—In this action, the appellant Allen and others sought to enjoin the respondent, Acacia

[1]Reported in 261 Pac. 96.

Cemetery Association, Inc., from maintaining a cemetery for the burial and other disposition of the bodies of the dead on a certain described tract of land situated in King county. Issue was taken upon the allegations of the complaint and a trial had upon the merits of the action, resulting in its dismissal. Allen alone appeals.

The respondent moves to dismiss the appeal. Its motion is based upon a number of grounds; but as there is one, we think, fatal to the appeal, the others need not be noticed. The appellant, in an attempt to perfect his appeal, proposed a statement of facts purporting to set forth all of the material evidence given at the trial of the cause. The proposed statement was in narrative form, and the respondent, conceiving that it was not complete, moved to strike it. The trial court refused to grant the motion in the form in which it was presented; but, holding that the statement was so far incomplete as to be incapable of correction without some radical changes and additions, declined to place the burden of correcting it upon the respondent, and gave the appellant the opportunity so to do. A number of hearings were subsequently had on the matter, when the appellant finally announced to the court that there were only certain questions that he desired to present on his appeal, and asked leave to furnish a statement containing the evidence bearing upon these alone. To this the court acquiesced, and a statement was furnished which the court certified in the following form:

"I, Robert M. Jones, the judge before whom the above entitled cause was tried, do hereby certify that because the foregoing matters and proceedings occurring in this said cause do not appear of record, I have on due notice settled and signed this statement of facts to the end that the same be made part of the record herein, this................day of July, 1927.

"I further certify that the above given statement contains in narrative form all the facts, matters and

proceedings occurring at the trial of this cause material and directly relating to the following questions (and not already a part of the record herein) to-wit:

"(1)   The action of the board of county commissioners of King county in passing said resolution with reference to the proposed cemetery of the defendants herein.

"(2)   The right of anyone to establish a cemetery and make a plat of grounds therefor in King county, without obtaining the approval of the board of county commissioners of said plat.

"(3)   The right to file such a plat with the county auditor without the approval thereof by the board of county commissioners.

"(4)   The right of a corporation organized under the general incorporation laws of the state of Washington to engage in the cemetery business and to construct a cemetery.

"(5)   And of the ownership of the plaintiff, W. B. Allen, of property adjacent to the cemetery.

"The foregoing statement relative to the five foregoing propositions contains none of the evidence introduced by the defendants at said trial, with reference to the plans for the beautification of said Acacia Park, or the plans, rules and regulations for the operation of said cemetery or as to the natural drainage conditions of said property, or the drainage system to be installed and its feasibility, sufficiency and adequacy or as to the health or sanitary conditions in that vicinity and Lake Washington, as a result of the establishment and operation of said cemetery or as to the suitability of the said site as a location for a cemetery, or as to the present and future traffic conditions upon said Victory Highway, or as to the existence and operation of other cemeteries at present in similar locations and under similar circumstances a short distance north of the city of Seattle upon the main trunk arterial highways running north of the city of Seattle, or as to the effect of the establishment and operation of said cemetery upon the plaintiffs and their property, or as to the effect thereof upon property values in that vicinity, or as to the character of said Victory Highway district, as a

business rather than as a residential district, or as to the time of the day when funeral processions are usually held and the average number of vehicles participating in a funeral in the city of Seattle, or as to the reasonableness of the resolution of the board of county commissioners therein contained, in all of which respects, upon the merits, the court decided adversely to the contentions of the plaintiffs.

"In Witness Whereof, I have hereunto set my hand this 12 day of July, A. D. 1927.

"Robert M. Jones, Judge."

[1]   We must, of course, accept the certificate of the trial court as verity, but in so doing we cannot conclude that the facts certified are sufficient to enable us to review the questions stated in the certificate. The resolution of the board of county commissioners, referred to in the certificate, was a resolution to the effect that the board opposed the establishment and maintenance of a cemetery at the place proposed by the respondent. The other questions stated are self-explanatory.

[2]   It is at once apparent that, if the maintenance of the cemetery at the place proposed by the defendants is unlawful, it is so because it is maintained in violation of public law, or, in other words, that it is a nuisance; and the rule of the statute that a private person cannot maintain an action for the abatement of a nuisance unless his property is injuriously affected, or his "personal enjoyment is lessened by the nuisance," is applicable. (Rem. Comp. Stat., § 944) [P. C. § 8232].

The appellant must, therefore, in order to maintain the action, show that he suffers from the maintenance of the cemetery some special damage differing in kind and degree from that suffered by the general public. There is evidence in the record showing that he is the owner of real property situated immediately across a

highway from the proposed cemetery, and there is his own testimony to the effect that his property is of the value of fifty thousand dollars, but there is no evidence showing that the property is injuriously affected by the maintenance of the cemetery, or that the appellant's personal enjoyment is thereby lessened.

[3] It follows that the appellant cannot maintain the action unless the court can say, as matter of law, that a cemetery maintained in the vicinity of private property injuriously affects the property, or lessens the personal enjoyment of its owner. It may be that, in some instances, the court can know from the surrounding circumstances, without direct evidence to that effect, that the maintenance works the forbidden effects, but it cannot so know in every instance, and the evidence in this instance is too meager to permit it to draw the conclusion.

[4] The appellant's injury is merged in that of the general public, and if he may maintain an action to enjoin the maintenance of the cemetery, so may any other member of the general public, and this, to quote the language of Chief Justice Shaw, in *Proprietors of Quincy Canal v. Newcomb,* 7 Metc. 276, "would cause such a multiplicity of suits as to be itself an intolerable evil."

The appeal is dismissed.

MACKINTOSH, C. J., MAIN, and ASKREN, JJ., concur.